**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Dennis Salazar

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENNIS SALAZAR,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COX COMMUNICATIONS, INC.,**<br><br>**Defendant.** | **Case No.:** '17CV0720 H WVG<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |



HYDE & SWIGART

## INTRODUCTION

1. Plaintiff DENNIS SALAZAR ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant COX COMMUNICATIONS, INC. (hereinafter, referred to as "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.
2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).
3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may 'them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

HYDE & SWIGART

on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and have intentionally availed themselves of the laws and markets within this district;

   (b) the unauthorized calls took place within this district;

   (c) does substantial business within this district; and

   (d) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware corporation, regularly conducting business in California, and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Upon information and belief, the website for Cox Communications, Inc. is https://www.cox.com.
10. Defendant's website claims, offers a variety of broadband communications products including but not limited to Internet Services, Television services, and phone services.
11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the San Diego County, and within this judicial district.

## FACTUAL ALLEGATIONS

12. Sometime in March 2015, Plaintiff purchased Internet service from Defendant on a month-to-month basis.
13. At no time did Plaintiff sign any contracts pertaining to Defendant's service nor authorized Defendant to make any telephone calls to Plaintiff's cellular telephone.
14. Subsequently after purchasing the service, Defendant began calling Plaintiff on daily basis using an "automatic telephone dialing system" ("ATDS"), while using an "artificial or prerecorded voice," as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).
15. The telephonic communication was initiated from telephone number displayed as 1-800-913-0377.
16. Defendant's repeated and unsolicited marketing calls constituted calls that were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).
17. Defendant's repeated and unsolicited marketing telephone calls interrupted Plaintiff at work and at home, due to the unending and harassing nature of the calls.
18. Upon information and belief, Defendant's calls were made for marketing purposes to entice Plaintiff to purchase or upgrade Plaintiff's services.

19. Sometime about May 2015, Plaintiff returned Defendant's telephone calls and through a series of steps, by pressing the necessary button(s) to stop receiving Defendant's telephone calls, Plaintiff revoked his consent (if such were ever given) to receive any of Defendant's telephone calls to Plaintiff's cellular device.

20. Subsequently to Plaintiff's opt-out of Defendant's unauthorized telephone calls to Plaintiff's cellular telephone and revocation of any prior express consent (if it had been previously given), Defendant's telephone calls ceased for approximately two-three weeks.

21. However, two or three weeks later, Defendant resumed making autodialed telephone calls with a pre-recorded voice, to Plaintiff's cellular device on daily and weekly basis.

22. During these unauthorized telephone calls Defendant stated the following:

> Hello, this is a courtesy call from cox communications. It is important that we speak to you regarding your account. To view the status of your account, your bill, or to make a payment, please visit us online at www.cox.com or speak with an agent at 1-800-913-0377. Thank you for being a valued customer.

23. At no time did Defendant actually had a reason to speak "regarding [Plaintiff's] account."

24. Defendant made its unsolicited, repeated autodialed "courtesy" telephone to offer Plaintiff additional services.

25. Since revocation of Plaintiff's prior express consent, upon information and belief, Plaintiff received over one hundred (100) telephone calls from Defendant.

HYDE & SWIGART

26. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

27. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

28. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

29. Upon information and belief, Defendant made telephone calls to Plaintiff for the purposes of soliciting Plaintiff's services. The telephone calls were unwanted by Plaintiff.

30. Defendant did not have prior express nor a written consent to place the solicitation calls to Plaintiff.

31. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. The telephonic communication by Defendant, or their agent(s), violated 47 U.S.C. § 227(b)(1).

33. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with repeated unwanted and unsolicited marketing calls using an ATDS and an artificial or a pre-recorded voice.

35. Plaintiff was further frustrated that his revocation of any prior express consent (if it had ever been given) was ignored, and despite Plaintiff's opt-

out of Defendant's marketing calls, Defendant continued calling Plaintiff's cellular device.

36. Defendant's repeated unwanted and unsolicited telephone calls forced Plaintiff to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

37. Defendant's calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.

38. Plaintiff is informed and believes and here upon alleges, that the repeated and harassing robotic telephone calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

39. Through the aforementioned conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

## First Cause Of Action
## Negligent Violations Of The TCPA
## 47 U.S.C. § 227 Et Seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

HYDE & SWIGART

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 7, 2017

Respectfully submitted,

**HYDE & SWIGART**

By: _s/ YANA A. HART______
YANA A. HART, ESQ.
ATTORNEY FOR PLAINTIFF